Mr. Justice Reed
delivered the opinion of the Supreme Court, holding:
1. The statutes providing for extra compensation to customs inspectors for overtime services at night create an obligation on the part of the United States to pay such compensation irrespective of the statutory provision requiring payment to the United States by those who, by special license, procure such services; and such payment by the United States is “extra compensation” over and above the annual salary and is not dependent upon the collection of such extra compensation from the licensees.
2. The legislative history of the statutes relating to extra compensation for customs inspectors clearly discloses the intention of Congress to allow extra compensation only when there are overtime services in the sense of work hours in addition to the regular daily tour of duty without regard to the period within the 24 hours when the regular daily tour is performed.
8. The statute, section 5, 41 Stat. 402 (U. S. Code, Title 19, section 267) authorizing the collector to use the “shift” system in the assignment of customs inspectors in those ports where the customary hours are other than 8 a. m. to 5 p. m. so as to make their hours conform with the daily working hours in such ports, gave the collector authority to assign inspectors to 8-hour duties within a 24-hour period so as to secure 24-hour service without extra compensation.
4. “Overtime”, used in the statutes as applied .to weekdays, refers to hours longer than the daily limit of 8 a. m. to 5 p. m., nine hours with one hour for food and rest; and these tours of duty are movable within the 24-hour period in accordance with prevailing working hours and the requirements of the service, so that the inspectors whose tours of duty are performed at night are not on that account entitled, under the provisions of section 5 of the Act of February 13,1911, as. amended, and sections 401, 450 and 451 of the Tariff Act of 1930, to extra compensation over and above their annual salaries, but such statutory provisions have reference only to hours longer than the daily limit.
*575 5. Extra compensation for work on Sundays and holidays is contemplated by the statute (section 5) which provides that extra compensation shall be paid to inspectors “who may be required to remain on duty between the hours of 5 o’clock p. m. and 8 o’clock a. m. or on Sundays or holidays”, since if inspectors working on Sundays and holidays were not to receive extra compensation without regard to whether services on those days were overtime, there would have been no occasion to add Sundays and holidays to the overtime.
6. Services of customs inspectors at a bridge or tunnel are within the provision for overtime compensation for services on Sundays and holidays made by section 5 of the Act of February 13,1911, as amended, in view of the expansion of the section’s application by section 401 of the Tariff Act of 1930 (46 Stat. 590,708) to include among the instrumentalities of foreign commerce every contrivance capable of being used as a means of transportation on land or water, and the provision of sections 450 and 451 of such Act for unlading by special license on Sundays and holidays and for extra compensation of customs inspectors by the licensee.
7. In awarding extra compensation to customs inspectors for overtime services, the United States was not entitled to credit for that part of the base pay received for such services, since the intention to give extra compensation precludes such a claim, and hence customs inspectors in addition to their regular salaries for weekdays are entitled to statutory additional pay for overtime, Sundays and holidays.
Mr. Chief Justice Stone was of the opinion that the judgment should be reversed in its entirety and the suits dismissed.